UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JANE BARNES,                                              :

                            Plaintiff,            :

                 - against -                         :          07 CV 6103 (SHS)

LIFE INSURANCE COMPANY OF NORTH AMERICA, :

                          Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA**


WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
*Attorneys for Defendant*
*Life Insurance Company of North America*
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000


Of Counsel:

     Fred N. Knopf  (FNK 4625)
     Emily A. Hayes (EH 5243)

Defendant Life Insurance Company of North America ("LINA") by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, respectfully submits this Memorandum of Law in support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. § 1406(a), and 28 U.S.C. § 1404(a) to transfer this matter to the United States District Court for the Northern District of California.

PRELIMINARY STATEMENT

According to the Complaint, this action arises from defendant LINA's decision to terminate Plaintiff's long term disability benefits, an insured coverage under the group policy offered by Plaintiff's former employer, Zeneca, Inc. Plaintiff alleges that LINA, as the provider of her long term disability insurance coverage, improperly terminated her long term disability benefits in violation of ERISA.

This case is improperly venued in the Southern District of New York, because it has absolutely no connection to the New York, and it must be transferred to another district, specifically the Northern District of California, which is plaintiff's district of residence.

BACKGROUND

Plaintiff Jane Barnes ("Barnes" or "Plaintiff"), a resident of California, was employed by Zeneca, Inc as a principal research scientist. (Complaint ¶¶ 1, 6). As part of her employment, Barnes was a participant in an employee benefit plan ("Plan") which included, among other things, long-term disability coverage. (Complaint ¶¶ 6-9). Plaintiff states that she became disabled on or about December 14, 1997. (Complaint ¶ 13). After becoming disabled, she submitted a claim for long term disability benefits under the Plan. (Complaint ¶ 16). The claim was initially approved by LINA and Plaintiff received benefits for the period from June 11, 1998 to August 10, 2006. Plaintiff claims that benefits were improperly terminated by LINA, and appealed the termination of benefits on or about February 9, 2007. (Complaint ¶¶ 18, 30).

2

## THE COMPLAINT

The complaint, dated June 27, 2007, alleges that LINA's termination of Plaintiff's long term disability benefits was improper and constituted a breach of ERISA. (Complaint ¶¶ 18-20, 37).

Plaintiff alleges that she is entitled to a declaration that she is disabled pursuant to the long term disability policy, past due long term disability benefits, a judgment that she is entitled to future long term disability benefits as long as she remains disabled, and attorneys fees and costs. (Complaint at 6-7).

## ARGUMENT

## THIS MATTER SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA BECAUSE IT IS IMPROPERLY VENUED IN THE SOUTHERN DISTRICT OF NEW YORK

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(3) provides that a motion to dismiss may be filed on the basis of improper venue. Fed. R. Civ. P. 12(b)(3). "On a motion to dismiss for improper venue under Rule 12(b)(3), the burden of proof lies with the plaintiff to show that venue is proper." Cartier v. Micha, Inc., 06 Civ. 4599, 2007 U.S. Dist. LEXIS 29785, at *8 (S.D.N.Y. Apr. 20, 2007) (citing French Transit, Ltd. v. Modern Coupon Sys., Inc., 858 F. Supp. 22, 25 (S.D.N.Y. 1994)).

If venue is improper, the court has the power to transfer the case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a)(2007); see Goldlawr, Inc. v. Heiman, 369 U.S. 463, 465 (1962); see also Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77, 80 (2d Cir. 1978) (holding that a district court may transfer a case regardless of whether it

has jurisdiction over the defendants and regardless of whether or not venue is proper, if the transfer would be in the interests of justice).

Similarly, 28 U.S.C. § 1404(a) states that "[f]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district of division where it might have been brought." 28 U.S.C. § 1404(a)(2007). "District courts have broad discretion to determine convenience and justice on a case-by-case basis." Reinhard v. The Dow Chemical Co., 07 Civ. 3641, 2007 U.S. Dist. LEXIS 59242, at *9 (S.D.N.Y. Aug. 13, 2007).

## II. Venue in the Southern District of New York is Improper Pursuant to ERISA's Venue Provision

Pursuant to ERISA's venue provision, 29 U.S.C. § 1132(e)(2), an ERISA action may be brought in a federal judicial district "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2)(2007); see Aetna Life & Casualty v. Owen, No. 3:04CV817, 2004 U.S. Dist. LEXIS 21136 (D. Conn. Oct. 13, 2004). This ERISA action does not meet any of those criteria, and indeed has no connection to the State of New York, and therefore venue in the Southern District of New York is improper.

Contrary to what is alleged by plaintiff in her complaint, LINA is a Pennsylvania company with its principal place of business in Philadelphia, Pennsylvania. In addition, plaintiff's claim was processed and reviewed in Pittsburgh, Pennsylvania.

Plaintiff resides in Concord, California, which is located in the Northern District of California, and, according to the documents submitted to LINA, resided there throughout her claim. All of her treating physicians are located in California, and the external doctors used by

LINA in its review were located in Pennsylvania and California. Therefore, the long term disability plan and claim for benefits underlying this case have no connection whatsoever to this district, and venue is not proper here.

### III. This Matter Should be Transferred to the Northern District of California

In lieu of dismissing this matter the Court may, pursuant to 28 U.S.C. § 1406(a), transfer this matter to the Northern District of California. Transfer would also be appropriate pursuant to 28 U.S.C. § 1404(a).

When determining whether transfer is appropriate, there is a two step inquiry: whether the case could have properly been brought in the transferee court, here the United States District Court for the Northern District of California, and, if so, "whether considering the convenience of the parties and witnesses and the interest of justice, a transfer is appropriate." Fuji Photo Film Co., Ltd. v. Lexar Media, Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (citations omitted).

This case clearly could have been brought in the Northern District of California. As stated above, and alleged in the complaint, plaintiff is a resident of the Northern District of California. (Complaint ¶ 1). See Aetna Life & Casualty v. Owen, No. 3:04CV817, 2004 U.S. Dist. LEXIS 21136, at *9 (D. Conn. Oct. 13, 2004) ("Here, there is no question that venue . . . would be proper in the Northern District of Georgia, where defendant resides.").

In determining whether transfer is proper, courts look at a number of factors, none of which is determinative: "(1) plaintiff's choice of forum, (2) location of operative facts, (3) convenience of the parties and witnesses, (4) location of documents and ease of access to sources of proof, (5) relative means of the parties, (6) forum's familiarity with governing law, (7) trial

efficiency, and (8) the interests of justice." Cohn v. Metropolitan Life Ins. Co., 07 Civ. 0928, 2007 U.S. Dist. LEXIS 39161, at *4 (S.D.N.Y. May 31, 2007).

Plaintiff has chosen the Southern District of New York as her forum, and will likely argue that this choice should not be disturbed. Ordinarily, a plaintiff's choice of forum should not be disturbed "unless the balance of the factors weighs strongly in favor of transfer." Caville v. Malibu Toys, Inc., No. 03 Civ 9727, 2004 U.S. Dist. LEXIS 12514, at *9 (S.D.N.Y. July 7, 2004)(citations omitted). However, in a situation such as this case where the chosen forum is neither the plaintiff's home forum nor the forum where the majority of the operative facts took place, the presumption is significantly lessened. See Sinochem v. Malaysia Int'l Shipping Corp., 127 S. Ct. 1184, 1191 (2007) ("When the plaintiff's choice is not its home forum, however, the presumption in the plaintiff's favor 'applies with less force,' for the assumption that the chosen forum is appropriate is in such cases 'less reasonable.'" (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981)); Cohn, 2007 U.S. Dist. LEXIS 39161 at *6-8, Herbert Ltd. P'shp. v. Electronic Arts, Inc., 325 F. Supp. 2d 282, 291 (S.D.N.Y. 2004) (holding that plaintiff's choice of forum will receive less deference because it is not the plaintiff's home district nor the district where the majority of the operative facts took place).

As discussed above, none of the operative facts in this matter occurred in New York. Plaintiff, a resident of California, worked for Zeneca, based in Delaware. The long term disability coverage was provided and administered by LINA, a Pennsylvania company based in Philadelphia and with claims operations in Pittsburgh. Plaintiff's physicians are located in California. Only plaintiff's counsel is located in New York, and case law clearly holds that this is not a relevant factor in making a decision whether to transfer venue. See Reinhard, 2007 U.S.

Dist. LEXIS 59242, at *16-17 n.11 (". . . convenience of counsel is not a factor to be weighed in a motion to transfer.").

The convenience of the parties and of non-party witnesses "is an important factor: indeed, certain courts in this district have called it 'probably the single-most important factor in the analysis of whether transfer should be granted." Reinhard, 2007 U.S. Dist. LEXIS 59242, at *11-12 (citations omitted).  Many of the potentially relevant witnesses are in California:

1. Plaintiff obtained all medical treatment in California from 1997, her claimed date of disability, to the present.

2. Plaintiff's disability was certified by California physicians, including Dr. Mannie Joel.

3. Benefits were paid to Plaintiff in California from June 11, 1998 to August 10, 2006.

4. LINA commissioned an IME in California by Dr. Pickett in May 2006.

5. The vocational transferable skills analysis and labor market survey evaluated potential jobs in the San Francisco, California labor market.

6. Plaintiff lives in California.

Other potentially relevant witnesses are in states other than New York. Plaintiff's former employer is in Delaware and LINA is in Pennsylvania, including all claims reviewers who reviewed plaintiff's claim in Pittsburgh. In addition to the IME by Dr. Pickett in California, an independent medical file review was done by Dr. Waltrip in Pittsburgh, Pennsylvania in August 2006.

Plaintiff may argue that the convenience of the witnesses should be disregarded in this ERISA matter because the scope of the Court's review is limited to the administrative record. However, unless the plaintiff concedes that an arbitrary and capricious standard of review applies, it is possible that the Court would use its discretion to allow discovery and/or consider

evidence outside the administrative record in making a *de novo* review, in either the Second Circuit or the Ninth Circuit.

In the Second Circuit, a court on de novo review may in its discretion and after a finding of good cause, admit additional evidence outside the administrative record. See Locher v. UNUM Life Ins. Co. of America, 389 F.3d 288, 293-94 (2d Cir. 2004); DeFelice v. American Int'l Life Assurance Co. of N.Y., 112 F.3d 61, 66-67 (2d Cir. 1997).

In the Ninth Circuit, the Court has the discretion to look beyond the administrative record when conducting a de novo review where circumstances establish that additional evidence is necessary. See Thomas v. Oregon Fruit Products Co., 228 F.3d 991, 997 (9th Cir. 2000); Kearney v. Standard Ins. Co., 175 F.3d 1084, 1094-95 (9th Cir. 1999).

As a result, there is the potential that medical and employment documentation and/or testimonial evidence from numerous California witnesses, as well as witnesses in Pennsylvania and Delaware, will be deemed necessary for the Court's review. None are located in New York.


CONCLUSION

Accordingly, for the reasons set forth above, the Court should transfer this matter to the United States District Court for the Northern District of California pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404(a).

1681743v.1

WHEREFORE, Life Insurance Company of North America respectfully requests that this Court enter an order transferring this matter to the United States District Court for the Northern District of California.

Dated: White Plains, New York
        September 7, 2007

                              DEFENDANT LIFE INSURANCE COMPANY OF
                              NORTH AMERICA


                              By:  s/Emily A. Hayes
                                   Fred N. Knopf (FNK 4625)
                                   Emily A. Hayes (EH 5243)
                                   WILSON, ELSER, MOSKOWITZ,
                                   EDELMAN & DICKER LLP
                                   3 Gannett Drive
                                   White Plains, New York 10604
                                   (914) 323-7000
                                   (914) 323-7001 (fax)

1681743v.1

## CERTIFICATION

I certify that on September 7, 2007, a copy of Defendant's Motion to Transfer Venue to the United States District Court for the Northern District of California was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

s/Emily A. Hayes
Emily A. Hayes (EH 5243)

1681743v.1