IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE BARNES,

           Plaintiff,

- against -

LIFE INSURANCE COMPANY
OF NORTH AMERICA

           Defendant.

---

CV 07- 6103

ECF

**OPPOSITION TO MOTION TO TRANSFER VENUE**

FRANKEL & NEWFIELD, P.C.
Attorneys for Plaintiff
585 Stewart Avenue, Suite 301
Garden City, New York 11530

Of Counsel:

Jason Newfield (JN5529)
Justin Frankel (JF 5983)

## INTRODUCTION

In what can only be described as gamesmanship and sharp practice, Defendant Life Insurance Company of North America ("LINA") has submitted a motion to transfer the venue of this ERISA disability action out of the Southern District of New York. Defendant's stated basis for the motion to transfer venue is actually a misrepresentation to the Court and amounts to forum shopping, and reverse counsel shopping.[1] This Court should not countenance such blatant conduct.

Defendant's factual assertion, that Defendant does not reside or may not be found in this District, is belied by its prior position in several other litigations between Plaintiff's counsel's firm and Defendant, where Defendant has admitted that venue was proper in the Southern District of New York.[2] Moreover, Defendant fails to provide the Court with the full array of facts, several of which would defeat the bases for the motion.

---

[1] Defendant, in seeking to change venue, is trying to force Plaintiff to find new counsel and remove her choice of counsel. Given that these cases are complex with a limited array of Plaintiff's counsel handling such cases, Plaintiff's choice of counsel is of paramount significance. Moreover, Plaintiff's counsel prepared her administrative appeal, comprised of 70 pages, plus hundreds of pages of exhibits, and is thus intimately familiar with the facts and circumstances of her severe and disabling conditions. Exhibit "A" is Plaintiff's administrative appeal, filed through her current counsel, with CIGNA/LINA.

[2] In the following actions, where my firm represented out of state Plaintiffs, LINA embraced the SDNY as the proper venue:

   A.  In Kastner v. LINA, 07 CV 2147, LINA admitted that venue was proper in the Southern District of New York, notwithstanding an identical fact pattern to this case, other than Plaintiff residing in Illinois. See Exhibit "B", Complaint and Answer.
   B.  In Walters v. LINA, LINA admitted that venue was proper in the Southern District of New York, notwithstanding an identical fact pattern to this case, other than Plaintiff residing in Illinois. See Exhibit "C", Complaint and Answer.

2

## BACKGROUND

This is an ERISA disability action, pursuant to § 502(a)(1)(B), seeking a declaratory judgment that Plaintiff was and is disabled under the terms of her disability plan. She filed her administrative appeal with CIGNA (through our office), on February 9, 2007. Despite the ERISA regulations mandating a decision on her appeal within 45 days of the appeal, or at the outside 90 days if special circumstances supported such an extension, CIGNA never issued a decision upon Plaintiff's administrative appeal. Plaintiff thus filed suit in this Court on or about June 27, 2007.

## VENUE IS PROPER IN NEW YORK

Under ERISA, a claimant has the ability to choose its venue. See § 502(e)(2). ERISA's liberal venue provision was intended "to expand ERISA plaintiff's choice of forum and limit the forum choice of corporate fiduciaries." Vartanian v. Monsanto Co., 880 F.Supp. 63, 73 (D. Mass. 1995). LINA can be found in this district, as it has admitted to this fact in prior litigations, and as a result of its corporate nexus with CIGNA and its parent company, Connecticut General Corp. (a Connecticut corporation); see e.g., Varsic v. United States Dist. Court for Cent. Dist. of Cal., 607 F. 3d 245 (9th Cir. 1979)(discussing Congressional intent in making ERISA venue provision broad).[3]

Accordingly, Defendant LINA effectively co-exists with its sister entities/alter egos identified above, Connecticut General Corp., and CIGNA Life Ins. Co. of New York, as the personnel who

---

[3] LINA, CIGNA Life Insurance Company of New York and Connecticut General Life Insurance Company all operate conterminously, using the name CIGNA Group Insurance. Claims personnel handle disability claims from all three "underwriting" units interchangeably. See Affidavit of Dawn Barrett, dated July 13, 2006, in an action entitled United States of America, ex rel. Dawn Barrett, v. CIGNA Corporation and Life Insurance Company of North America, CV 03-12382. (Exhibit "D").

3

handle the disability claims - like the one at issue in this case - handle claims for all of the underwriting entities, including LINA, Connecticut General Corp. and CIGNA Life Ins. Co. of New York. Thus, LINA can be found in the same forums as these other entities, since LINA itself does not segregate its claim handling personnel and has them all handling claims throughout the country, including New York.

The Barrett affidavit makes clear that LINA, as well as the other underwriting entities, all operate as CIGNA, represent to the public at large, including insureds like Plaintiff, that they are CIGNA, and conduct business in a uniform manner irrespective of which underwriting entity is involved with the particular claim. Thus, LINA should be found wherever its affiliated entities operate or can be found. Accordingly, Defendant's argument that venue is improper in the Southern District is without merit.

## PLAINTIFF'S CHOICE OF FORUM SHOULD BE RESPECTED

A plaintiff's choice of forum should not be altered "unless the balance of factors weigh strongly in favor of transfer." Caville v. Malibu Toys, Inc., 2004 U.S. Dist. LEXIS 12514 (S.D.N.Y. 2004); Cohn v. Met Life, 2007 U.S. Dist. LEXIS 39161 (S.D.N.Y. 2007). Plaintiff wants to try this case in the Southern District of New York, which is her choice. This decision should not be disturbed, in the absence of compelling, countervailing evidence in favor of transfer, which Defendant cannot produce. Notably, Defendant fails to cite one ERISA case where the insured chose the forum which supports Defendant's position to transfer venue.[4]

---

[4] Defendant cites Aetna Life & Cas. v. Owen, 2004 U.S. Dist. LEXIS 21136 (D. Conn. 2004). However, in that case, the insurer was the plaintiff, so the liberal venue provisions of ERISA were not issue, as here. The one ERISA case with an insured plaintiff cited by Defendant was Cohn

4

Given that this is an ERISA action, with a presumption that the evidence in the case will be limited to the administrative record (a position that LINA's counsel has advocated many times and will surely argue in this case), there is no analysis necessary as to the location of operative facts, convenience of the parties, convenience of the witnesses, or location of documents. LINA will produce the administrative record wherever the litigation is pursued, and will attempt to prevent the production of any additional materials, witnesses, or evidence.

Moreover, LINA admits that its witnesses (who are the relevant witnesses that Plaintiff may seek to secure in discovery), are located in Pennsylvania, which is actually closer to New York than California. And even assuming that depositions will be conducted, LINA will likely seek to have these depositions conducted either by phone or in Pennsylvania, rather than California or New York, urging that corporate witnesses should not be required to travel for deposition. Plaintiff would be no more able to compel LINA's witnesses to attend trial or deposition in California than it would in New York. While, the convenience of witnesses is generally the most important factor, here it does not weigh in either favor. Rather, the issue of witnesses is simply a red herring presented by LINA to get away from a forum it seeks to avoid, as noted below.

To demonstrate why this argument fails, LINA has failed to make the required detailed showing via affidavit as to the expected testimony from the principal witnesses. Instead, LINA has attached documents to the Affidavit of Richard Lodi, which further underscores that LINA expects to argue the administrative record, rather than offer testimony of witnesses. Accordingly, LINA's position is no more than an abstract argument which is unsustainable to support its motion. Cohn, 2007 U.S. Dist. LEXIS 39161, at * 15.

---

v. Metropolitan Life Ins. Co., 2007 U.S. Dist. LEXIS 39161 (S.D.N.Y. 2007), where plaintiff's choice of forum was respected by the Court.

Accordingly, Defendant has failed to carry its burden to demonstrate the "transfer promotes convenience and justice." Hershman v. UnumProvident Corp., 2007 U.S. Dist. LEXIS 30402 (S.D.N.Y. 2007). At best, LINA's efforts to transfer venue will act to "shift the inconvenience", rather than solve any such concern. Thus, that factor would be neutral.

Since, as noted above, convenience is essentially a non-factor, and justice strongly favors permitting Plaintiff's choice of counsel - in this forum, transfer would be improper. Moreover, justice would also be hampered by a transfer of venue, since the time to adjudicate the claim would be delayed in having the transferee court undertake its management of the action, rather than Your Honor - who will now be familiar with the action and be able to move the action toward a swifter adjudication.

Rather, as delineated below, LINA is seeking transfer for all of the wrong reasons, and its efforts must be rejected.

## THIS COURT SHOULD REJECT DEFENDANT'S VENUE TRANSFER REQUEST

A.   LINA is Forum Shopping

Rather than revealing that LINA wants to avoid the Second Circuit and numerous Plaintiff favorable decisions regarding discovery and standard of review issues, LINA complains that there is no connection to this District. LINA does not reveal that the Second Circuit has ruled, on several occasions, that LINA's "Book of Operating Knowledge" (its claim manual), has been ordered to be produced in the absence of confidentiality. This has made LINA extremely uncomfortable, as indicated in a recent submission by Fred Knopf, Esq., counsel for LINA here and in the Gura v. LINA action. See Levy v. INA Life Ins. Co. of N.Y., 2006 U.S. Dist. LEXIS 83060 (S.D.N.Y.

6

2006); and Gura v. LINA, 06 CV 15174,[5] where LINA was ordered to produce its Book of Operating Knowledge.

Given that the courts in the Second Circuit have repeatedly indicated that the Book of Operating Knowledge is discoverable, a position that LINA has strenuously opposed, it is apparent that LINA is now seeking to avoid this forum wherever possible.

Another important issue that LINA seeks to avoid by transferring venue is the impact of the holding in Nichols v.Prudential Ins. Co. of Amer., 406 F.3d 98 (2d Cir. 2005), where the Court applied a *de novo* standard of review based upon the failure to the insurer to render a decision upon the claimant's administrative appeal in a timely manner. Those facts parallel the instant facts, as here LINA failed to make any decision upon Plaintiff's administrative appeal. It is thus apparent that LINA wants to avoid the implications of Nichols and to move the action away and attempt to secure a more favorable standard of review.

B.   LINA is Reverse Counsel Shopping

LINA is essentially attempting to remove Plaintiff's choice of counsel. If this action were moved to California, it would impact upon Plaintiff's counsel's ability to litigate this action. Plaintiff's choice of counsel is critically important in ERISA disability actions, and should not be disturbed in the absence of compelling reasons, not offered here.

Here, Plaintiff's counsel is well qualified to advocate for Plaintiff, and has litigated many cases against LINA and affiliated entities. Plaintiff believes that LINA is attempting to force Plaintiff to find new counsel, who may not be as aggressive in its pursuit of the case, who may not

---

[5]   LINA's Rule 72 objection position in Gura asserted that production of this material would enable unscrupulous claimants to use the information about how LINA evaluates claims to create false claims or generate unsubstantiated legal claims. See Exhibit "E".

be as knowledgeable on the medical and legal issues involved, and who may ultimately impact the result Plaintiff achieves.

Knowing that Plaintiff's counsel is relentless in its pursuit of justice for its clients, through discovery issues, its pursuit of *de novo* review and the disposition of the case, LINA has made this application to strip Plaintiff of its important choice of counsel. While convenience of counsel is not a generally recognized factor, the issue is not one of convenience of counsel, but of choice of counsel. Inasmuch as Plaintiff's counsel prepared the administrative appeal upon which Plaintiff will argue her entitlement to benefits, it is of paramount significance that she be permitted to have her counsel continue with this action.

Accordingly, it is apparent that LINA has made strategic maneuvers in this action in an effort to avoid this judicial forum and to remove Plaintiff's choice of counsel, and toward that goal, has advanced positions contrary to positions taken on several occasions with identical facts. Such conduct should not be permitted.

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that Your Honor deny Defendant's motion to transfer venue.

Respectfully submitted,

FRANKEL & NEWFIELD, P.C.
Attorneys for Plaintiff
585 Stewart Avenue, Suite 301
Garden City, New York 11530

Of Counsel:

Jason Newfield (JN5529)
Justin Frankel (JF 5983)