IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SCOTT WALTERS,

          Plaintiff,

    - against -

CIGNA LIFE INSURANCE COMPANY OF
NEW YORK,

          Defendant.

07 CV

ECF CASE

**COMPLAINT**

---

Plaintiff, Scott Walters, by and through his attorneys, FRANKEL & NEWFIELD, P.C., as and for his Complaint against Defendant CIGNA LIFE ASSURANCE COMPANY OF NEW YORK ("CIGNA"), hereby sets forth the following:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff Scott Walters, was and still is a resident of the State of Illinois.

2. Upon information and belief, at all times hereinafter mentioned, Defendant CIGNA is a New York Corporation, with its principal place of business at 140 East 45th Street, New York, New York 10017 and is licensed to conduct business in the State of New York. Defendant CIGNA is therefore a citizen of the State of New York, pursuant to 28 U.S.C. § 1332(c)(1).

### JURISDICTION AND VENUE

3. Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. §1331

because this action arises under 29 U.S.C. §1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4. Venue in the Southern District of New York is appropriate because Defendant CIGNA resides in this judicial district, is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

5. Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

6. At all relevant times hereinafter mentioned, Plaintiff was an employee of Universities Research Associations, Inc. ("Universities").

7. During Plaintiff's employment with Universities, CIGNA issued Group Long Term Disability policy number LK 030559 to Universities (the "Policy").

8. At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible Universities employees in exchange for the payment of premiums by Universities and/or the employees.

9. At all times mentioned herein, Plaintiff was an employee eligible for disability benefits and an insured under the Policy issued by CIGNA.

10. Said policy issued by CIGNA provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to injury or sickness.

11. During the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

2

12. Plaintiff ceased work as of August 25, 2004.

13. Plaintiff has been deemed to be disabled by the Social Security Administration as of August 25, 2004. Such a finding was made that Plaintiff could not work in any job.

14. CIGNA was made aware, during the Administrative process, that Plaintiff was approved for Social Security Disability benefits for the same period, and for the same medical conditions as that presented to CIGNA.

15. At the appropriate time under the Policy, Plaintiff filed a claim for long term disability benefits with CIGNA.

16. At all relevant times, Plaintiff provided proof of loss to CIGNA demonstrating the inability to perform the duties of his occupation, as that term is defined in the policy.

17. At all times, Plaintiff complied with all of the contractual obligations contained in the Policy.

18. CIGNA denied Plaintiff's application for long term disability benefits.

19. Thereafter, Plaintiff filed an administrative Appeal for benefits pursuant to the terms of the plan and the proscriptions of ERISA.

20. CIGNA upheld its claim determination in a letter dated June 26, 2006.

21. CIGNA once again review Plaintiff's claim after approval of Social Security and refused to issue benefits

22. As of this date, Plaintiff continues to be disabled in that he is unable to perform the essential duties of his occupation as a Machinist.

23. The material duties of Plaintiff's occupation included :

1. Planning of complex machining procedures in proper sequence to achieve a require result
2. Interaction and communicating with management and/or customers to clarify details
3. Perform complex metal holding set-ups and operate all high powered metal removing machining equipment
4. Read and program software in G-code to perform complex geometrical shapes and angles
5. Work in close proximity to high-speed, high-powered moving machine tools and parts
6. Create detailed, intricate and complex high-precision products from blank stock material to specified tolerances of +/-0.005" accuracy
7. Reading and interpreting detailed, intricate and complex blueprints and drawings
8. Using trigonometry and geometrical formulas to calculate dimensions
9. Making judgments, decisions and problem-solving on a regular basis
10. Operating heavy crane equipment and using proper rigging procedures
11. Performing under intense pressure with very tight time constraints
12. Responsible for working safely in a potentially dangerous environment

**Physical Demands include:**
1. Standing all day long
2. Lifting heavy fixtures
3. Manual dexterity
4. Finger dexterity
5. Spatial aptitude
6. No sitting down

24. Plaintiff's disability is caused by, among other things, suffering from Major Depressive Disorder, pansinusitis, and atrial fibrillation, and the limitations and restrictions in

4

functionality that result from these conditions and from the medications necessary to combat these conditions, which impact his ability to focus and concentrate.

25. Plaintiff cooperated with Defendant CIGNA, provided proper proof of loss, and otherwise complied with the policy terms and conditions regarding his claim.

26. Despite Plaintiff's continued total disability, Defendant has denied payment of any benefits to Plaintiff and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

27. Said refusal to pay benefits on the part of Defendant CIGNA is a willful and wrongful breach of the policy terms and conditions.

28. Monthly benefits to Plaintiff are continuing to be due and payable by Defendant CIGNA with the passage of each month.

29. Defendant CIGNA is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and is exposed to substantial future liability to Plaintiff should it accept liability for this claim.

30. Defendant CIGNA's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform any medical examination of Plaintiff, the selective review of medical records, the distortion of medical findings, the failure to fairly, accurately and appropriately understand and consider the essential duties of Plaintiff's occupation, the biased characterization of the physical demand level of Plaintiff's job, the failure to consider Plaintiff's actual occupation as opposed to some other occupation, and the failure to consider the significant mental, emotional, concentration and stamina requirements and duties of his occupation.

5

31. Defendant CIGNA's claim handling resulted in numerous violations of 29 CFR § 2560.503-1.

32. Defendant CIGNA's claim handling failed to provide Plaintiff with a full and fair review of his claim.

33. Defendant CIGNA's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant CIGNA's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

34. Plaintiff continues to be totally disabled, and monthly benefits are due and owing to him with the passage of each month. Upon information and belief, arrears are now due and owing to him, plus prejudgment interest.

35. The Court's review of this action is DeNovo.

36. Plaintiff's claim is not subjected to any mental/nervous limitation.

**WHEREFORE**, Plaintiff Scott Walters prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a) Plaintiff is disabled pursuant to the language and within the meaning of the policy of insurance issued by Defendant in that he is unable to perform the essential duties of his occupation;

b) Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and is obligated to pay all benefits in arrears due and owing since the denial of benefits, plus prejudgment interest;

c) Defendant's obligation to pay benefits to Plaintiff shall continue as long as he remains totally disabled, subject to the applicable benefit period in the policy;

      d)     Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

      e)     Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary.

Dated:     Garden City, New York
           February 22, 2007

                           By:     _____
                                    Justin C. Frankel (JF-5983)
                                    Jason A. Newfield (JN-5529)
                                    FRANKEL & NEWFIELD, P.C.
                                    585 Stewart Avenue - Suite 301
                                    Garden City, New York 11530
                                    (516) 222-1600
                                    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X   Civil Action No. 07CV1373
SCOTT WALTERS,

                Plaintiff,

-against-                                  A N S W E R
                                                      ************

CIGNA LIFE INSURANCE COMPANY OF
NEW YORK,

                Defendant.
------------------------------------------------------------X

      Defendant, **LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), i/s/h/a CIGNA LIFE INSURANCE COMPANY OF NEW YORK,** by its attorneys, RUSSO, KEANE & TONER, LLP, as and for its Answer to the Complaint, sets forth the following, upon information and belief:

### THE PARTIES

1. Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in the paragraph of the Complaint designated "1".

2. Admits the allegations set forth in the paragraph of the Complaint designated "2".

### JURISDICTION AND VENUE

3. Admits the allegations set forth in the paragraphs of the Complaint designated "3", "4", "5", "6", "7", "8", "9", "10", "12", "13", "15", "18", "19", "20" and "36".

4. Denies each and every allegation set forth in the paragraphs of the Complaint designated "11", "16", "17", "21", "22", "24", "25", "26", "27", "28", "29", "30", "31", "32", "33", "34" and "35".

5. Denies each and every allegation set forth in the paragraph of the Complaint designated "14" except admits LIFE INSURANCE COMPANY OF NORTH AMERICA received notice that plaintiff received a favorable SSDI award.

6. Denies knowledge or information sufficient to form a belief as to each and every allegation set forth in the paragraph of the Complaint designated "23", and refers to the employer statements and DOT occupational descriptions contained in the Administrative Record.

7. Admits the allegations set forth in the paragraph of the Complaint designated "36".

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

8. That plaintiff is not entitled to long-term disability benefits under the terms of the policy.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

9. Plaintiff's causes of action and any recovery to which plaintiff may be entitled, which right of recovery is hereby specifically denied, are barred and/or limited to the provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001, et. seq. and the decisions of the Supreme Court of the United States pertaining thereto.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

10. Plaintiff is not entitled to attorneys' fees and/or Pre-Judgment Interest.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

11. Without admitting that plaintiff is entitled to any long term disability benefits under the terms of the long term disability policy, the defendant refers to the specific language of the policy and reserves its rights to offset against monthly benefits the amounts of other benefits which the plaintiff receives on account of his disability.

**WHEREFORE**, defendant, **LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA")**, i/s/h/a **CIGNA LIFE INSURANCE COMPANY OF NEW YORK**, demands judgment dismissing the complaint of the plaintiff together with costs and disbursements of this action.

Dated: New York, New York
April 20, 2007

Yours, etc.

s/Kevin G. Horbatiuk
KEVIN G. HORBATIUK (KH4977)
RUSSO, KEANE & TONER, LLP
Attorneys for Defendant
26 Broadway, 28th Floor
New York, New York 10004
(212) 482-0001
Fax: (212) 482 0002
RKT File No. 820.253

TO:   FRANKEL & NEWFIELD, P.C.
      Attorneys for Plaintiff
      585 Stewart Avenue, Suite 301
      Garden City, New York 11530
      (516) 222 1600

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Civil Action No. 07CV1373
SCOTT WALTERS,

                             Plaintiff,

    -against-                                 AFFIDAVIT OF SERVICE

CIGNA LIFE INSURANCE COMPANY OF
NEW YORK,

                            **Defendant.**
------------------------------------------------------------------X
State of New York, County of New York, ss:

     Rose DeLuccio, being duly sworn, deposes and says:

     That deponent is not a party of this action, is over 18 years of age and resides in the County of Richmond, State of New York.

     That on April 30, 2007, deponent served the within **ANSWER** upon:

FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue, Suite 301
Garden City, New York 11530

the address designated by said attorney(s) for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

                                                          s/ Kathleen Cush
                                                           Rose DeLuccio

Sworn to before me on
April 30, 2007

s/ Kathleen Cush
Kathleen Cush
Notary Public, State of New York
No. 01CU4824622
Qualified in Kings County
Commission Expires May 31, 2010