UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
JENNIFER GURA,                                   :

                        Plaintiff,       :        06 Civ. 15174 (SCR)

                - against -                   :

LIFE INSURANCE COMPANY OF AMERICA and THE :   **Defendant's Objections**
MACMANUS GROUP LONG TERM DISABILITY      :   **Pursuant to Federal Rule of**
PLAN,                                    :   <u>**Civil Procedure 72(a)**</u>

                        Defendants.     :

------------------------------------------------x

       Defendant Life Insurance Company of North America ("LINA"), through its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, respectfully submits this Objection to Magistrate Judge Smith's discovery order of July 9, 2007 that LINA produce its claim manual, otherwise known as the "Book of Operating Knowledge" ("LINA Claim Manual").

<u>Procedural History</u>

       This case involves a claim for ERISA long term disability benefits; Plaintiff alleges that defendant LINA improperly terminated her benefits. At an initial conference on April 13, 2007, this Court entered a scheduling order setting a discovery end date of July 31, 2007 and referred the matter to Magistrate Judge Lisa Margaret Smith for discovery.

       On April 20, 2007, Plaintiff served a boilerplate, 17 page long 30(b)(6) deposition notice, entitled Plaintiff's Notice of Entity Deposition (Life Insurance Company of North America) ("Notice"). The Notice did not specifically request the production of the LINA Claim Manual. The plaintiff then submitted the Notice to Magistrate Judge Smith on May 1, 2007 as part of a "Status Report" in advance of the May 10, 2007 discovery conference. (<u>See</u> Exhibit A). In response, LINA submitted a letter to Magistrate Judge Smith dated May 7, 2007, objecting to

plaintiff's deposition notice and requesting that discovery in this matter be limited to the production of LINA's Adminstrative Record.(See Exhibit B). At the May 10 conference, the parties and the Court attempted to narrow the discovery issues requested by Plaintiff, and the LINA Claim Manual was discussed generally, but no order was given regarding its production.

At the next conference on June 21, Magistrate Judge Smith ordered that LINA inform the plaintiff whether the LINA Claim Manual had been used by LINA in making its determinations regarding plaintiff's claim. We conferred with our client and, by letter dated June 28, 2007, informed plaintiff's counsel that the LINA Claim Manual had not been referenced in LINA's review of plaintiff's claim. Plaintiff did not object to this information and notably filed no written request for additional production. Finally, at the July 9, 2007 conference, after being advised that LINA had complied with the earlier directive, Magistrate Judge Smith nevertheless sua sponte ordered that the LINA Claim Manual be produced in its entirety, pursuant to a confidentiality order. This was done without the parties having an opportunity to meet and confer, much less the opportunity to brief the issue, and with no written order.

For the reasons given below, Magistrate Judge Smith's order directing production of the LINA Claim Manual is clearly erroneous or contrary to law, and far exceeds the scope of discovery allowed in ERISA matters under the law.

1. The LINA Claim Manual Does Not Provide and Will Not Lead to the Production of Admissible Evidence

Production of the LINA Claim Manual – whether partially or in its entirety – does not provide and will not lead to the production of admissible evidence in this matter. At the May 10 conference with Magistrate Judge Smith, LINA conceded that a de novo standard of review

applies to plaintiff's claim. Therefore, in its review of plaintiff's claim, this court will review "all aspects of the denial of the denial of an ERISA claim, including fact issues." Kinstler v. First Reliance Standard Life Ins. Co., 181 F.3d 243, 245 (2d Cir. 1999). Under de novo standard of review, the Court does not defer to the decision, or to the decision making process, below. See id.; Bacquie v. Liberty Mut. Ins. Co., 435 F. Supp. 2d 318, 326 (S.D.N.Y. 2006). This is not a situation where an arbitrary and capricious standard of review applies, in which case the Court would be considering whether LINA had proper procedures in place and whether those procedures were followed, in determining whether LINA's determinations were reasonable and supported by substantial evidence, or whether they were arbitrary and capricious. See Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285-86 (1974); Schwartz v. Newsweek, Inc., 827 F.2d 879, 883 (2d Cir. 1987); Zappier v. Sun Life Assur. Co., No. 05 Civ. 5300, 2006 U.S. Dist. LEXIS 68537, *21 (S.D.N.Y. Aug. 10, 2006). Here, using the de novo standard of review, the Court will look at the evidence before LINA at the time its decisions were made, and will be able to substitute its judgment for LINA's judgment, without deferring to LINA's review process or decisions. Therefore, the contents of the LINA Claim Manual are not relevant to this review – nor could they be relevant - because LINA's procedures are not at issue as a matter of law.

2. The LINA Claim Manual Contains Proprietary and Confidential Information that Should Not Be Disclosed

LINA's Claims Manual is generally identified as "The Book of Operating Knowledge." The LINA Claim Manual is regarded as a confidential document and is limited to internal use only, stating on its inside cover:

3

> The material in this publication is considered proprietary and confidential. This publication is intended for internal use and distribution only. Distribution to any person other than a CIGNA company employee is strictly prohibited.

The LINA Claim Manual contains confidential, proprietary, commercial information regarding the process for handling and investigating claims, and represents a unique compilation of the specific experience that LINA and its related companies has acquired over the years regarding its claim handling and investigative procedures as the result of great time, expense and effort.[1] The LINA Claim Manual contains proprietary information that is valuable to competitors. The general dissemination of these exclusive materials and disclosure of LINA's internal business policies and proprietary procedures to competitors and to the general public will work to defendant's commercial and competitive disadvantage. See Cohen v. Metropolitan Life Ins. Co., No. 00 Civ. 6112, 2003 U.S. Dist. LEXIS 4468, * 2-3 (S.D.N.Y. Mar. 26, 2003).

The production of the LINA Claim Manual leads to the possibility that it will be disseminated and that LINA's competitors will learn from LINA's methods, policies and procedures the manner in which, among other things, LINA and its employees evaluate, investigate and adjudicate claims. Competitors will use LINA's own confidential materials to LINA's detriment by adjusting their policies and practices to mirror LINA's policies and practices and use this information to solicit business away from LINA. LINA's competitors will also use the manual and/or guidelines to sell against CGLIC, thereby harming LINA's reputation in the market and among customers, reducing its market share, and affecting its bottom line.

In addition, disclosure of internal claims reference materials to the public will make it easier for unscrupulous claimants to use the detailed information about how LINA evaluates a claim to create false claims or generate unsubstantiated legal claims based on perceived

---

[1] If the Court requests, LINA is prepared to provide an affidavit attesting to these facts.

WPDOCS01 1614676v.1

aberrations from the internal guidelines. Essentially, dissemination of the LINA Claim Manual will provide a blueprint to a claimant on how to perpetrate a fraudulent claim so as not to be detected. To the extent that a claimant is aware of all the elements of LINA's claim review process, he will be able to develop a strategy to make sure all of the elements are satisfied, thereby avoiding detection.

In her order directing the production of the entire LINA Claim Manual, Magistrate Judge Smith also ordered that it be produced under a confidentiality agreement. However, based on case law in the Second Circuit, specifically within the Southern District of New York, even a confidentiality agreement will not ensure that the contents of the LINA Claim Manual will remain confidential, and so will not provide LINA with the assurances that it needs. See Levy v. INA Life Ins. Co. of N.Y., No. 05 Civ. 10310, 2006 U.S. Dist. LEXIS 83060 (S.D.N.Y. Nov. 14, 2006); Palmiotti v. Metropolitan Life Ins. Co., No. 04 Civ. 718, 2006 U.S. Dist. LEXIS 8031, *3 (S.D.N.Y. Mar. 2, 2006).


3. Production of the Entire LINA Claim Manual is Far Beyond What is Mandated by Law

Even if this Court determines that the LINA Claim Manual contains relevant and admissible evidence in this matter, mandating the production of the entire LINA Claim Manual is far beyond what is provided by law, including the Code of Federal Regulations and case law.

The Department of Labor's regulations provide that a claimant may be provided, upon request, with certain information. 29 C.F.R. § 2560.503-1. Specifically, the regulations provide: "If an internal rule, guideline, protocol, or other similar criterion was relied upon in making the adverse determination, either the specific rule, guideline, protocol, or other similar criterion; or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in

making the adverse determination and that s copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request." 29 C.F.R. § 2560.503-1(g)(1)(v).

It further states that a plan's claims procedures must "[p]rovide that a claimant shall be provided, upon request . . ., reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits. Whether a document, record, or other information is relevant to a claim for benefits shall be determined by reference to paragraph (m)(8) of this section." 29 C.F.R. § 2560.503-1(h)(2)(iii). Section (m)(8) states that "A document, record, or other information shall be deemed 'relevant' to a claimant's claim if such document, record, or other information: (i) was relied upon in making the benefit determination; (ii) was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination; (iii) Demonstrates compliance with the administrative processes and safeguards required . . . in making the benefit determination; or (iv) in the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination." 29 C.F.R. § 2560.503-1(m)(8).

Simply put, these relevant provisions of the C.F.R. do not require the production of the entire claims manual. In <u>Palmiotti,</u> the Magistrate Judge denied the defendant's application for a protective order to keep confidential a volume of the defendant's claims manual, on the grounds that such an order would be futile because "certain ERISA regulations require broad public disclosure of the entire content of the Claims Manual." <u>Palmiotti v. Metropolitan Life Ins. Co.,</u>

No. 04 Civ. 718, 2006 U.S. Dist. LEXIS 8031, *3 (S.D.N.Y. Mar. 2, 2006). Ruling on defendant's objections to the order, Judge Swain stated that "[i]n so [broadly] construing the regulation, [the Magistrate Judge] . . . erroneously applied the broad concept of relevance under the Federal Rules of Evidence . . . to expand a narrow regulatory requirement. . . . The regulation, by its terms, only defines 'evidence of compliance' with the required processes and safeguards, rather than the 'processes' themselves, as 'relevant' within the meaning of the mandatory disclosure provision." Palmiotti, 2006 U.S. Dist. LEXIS 8031, at *7-8. Judge Swain further stated that the Department of Labor limited "the mandate to compliance verification materials specifically generated in connection with the particular adverse benefit determination." Id. at *8.

Here, LINA has already certified that it did not reference the LINA Claim Manual in its review of Ms. Gura's claim. At most, pursuant to the regulations, plaintiff would be entitled to sections of the LINA Claim Manual that are "evidence of compliance" with the processes and safeguards required by ERISA. The vast majority of the LINA Claim Manual is beyond the scope of the disclosure provisions, so plaintiff is not entitled to production of the entire manual.

## Conclusion

For the reasons provided herein, defendant Life Insurance Company of North America respectfully requests that the July 9, 2007 order of Magistrate Judge Smith requiring production of the entire LINA Claim Manual be vacated.

Dated:  White Plains, New York
July 19, 2007

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: s/Fred N. Knopf
Fred Knopf (FNK 4625)
Emily Hayes (EH 5243)
Attorneys for Defendants
3 Gannett Drive
White Plains, New York 10604
(914) 323-7000

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2007, the foregoing Defendant's Objections Pursuant to Federal Rule of Civil Procedure 72(a) was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                                    _s/ Fred N. Knopf_
                                                    Fred Knopf (FNK 4625)
                                                    3 Gannett Drive
                                                    White Plains, New York 10604-3407
                                                    Phone (914) 323-7000
                                                    Facsimile (914) 323-7001
                                                    fred.knopf@wilsonelser.com

WPDOCS01 1614676v.1