UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JANE BARNES,                                              :

                    Plaintiff,          :

        - against -                             :    07 CV 6103 (SHS)

LIFE INSURANCE COMPANY OF NORTH AMERICA, :

                    Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO TRANSFER VENUE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**


        WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
            *Attorneys for Defendant*
            *Life Insurance Company of North America*
            3 Gannett Drive
            White Plains, New York 10604
            (914) 323-7000

Of Counsel:

    Fred N. Knopf (FNK 4625)
    Emily A. Hayes (EH 5243)

1722810.1

Defendant Life Insurance Company of North America ("LINA") by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, respectfully submits this Reply Memorandum of Law in further support of its motion, pursuant to Federal Rule of Civil Procedure 12(b)(3), 28 U.S.C. § 1406(a), and 28 U.S.C. § 1404(a) to transfer this matter to the United States District Court for the Northern District of California. Venue is improper in the Southern District of New York under the ERISA venue provision, 29 U.S.C. § 1132(e)(2), as it lacks any the required contacts to this District.

In her Opposition to Motion to Transfer Venue, dated October 10, 2007 ("Pl's Opp'n"), Plaintiff attempts to convince the court that venue is proper in the Southern District of New York by accusing LINA of "gamesmanship and sharp practice," including forum shopping and reverse counsel shopping. These charges are completely unfounded. Plaintiff also attempts to bootstrap venue in this District by arguing that LINA is interchangeable with other insurance companies that have a common parent company. This argument is irrelevant and, as discussed below, does not make venue proper in the Southern District of New York in this matter.

I. Venue in the Southern District of New York is Improper Pursuant to ERISA's Venue Provision

Plaintiff argues that under ERISA, "a claimant has the ability to choose its venue." (Pl's Opp. at 3). What Plaintiff fails to recognize is that venue is clearly improper in the Southern District of New York pursuant to ERISA's venue provision, 29 U.S.C. § 1132(e)(2), which provides that an ERISA action may be brought in a federal judicial district "where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2)(2007); see Aetna Life & Casualty v. Owen, No. 3:04CV817, 2004 U.S. Dist.

LEXIS 21136 (D. Conn. Oct. 13, 2004). This ERISA action does not meet any of those criteria, and indeed has no connection to the State of New York, and therefore venue in the Southern District of New York is improper. If a plaintiff's right to chose the venue of an ERISA action were truly unlimited and dependant only on a plaintiff's choice, not only would ERISA's venue provision be rendered meaningless, an outcome certainly not contemplated by Congress in enacting the provision, but the dockets of courts considered favorable by ERISA plaintiffs and their attorneys would overwhelmed.

In an attempt to bring this matter into the Southern District of New York, Plaintiff argues that "Defendant's factual assertion, that Defendant does not reside or may not be found in this District, is belied by its prior position in several other litigations between Plaintiff's counsel's firm and Defendant, where Defendant has admitted that venue was proper in the Southern District of New York." (Pl's Opp'n at 2). In support of this argument, Plaintiff cites two previous cases, Kastner v. LINA and Walters v. LINA, and attaches pleadings from each of those matters. It is true that LINA admitted that venue was proper in the Southern District of New York in both of those cases. However, it is not at all evident from the evidence submitted by Plaintiff that those cases had the same procedural posture as this one, with no connection to New York. In addition, neither Kastner nor Walters was handled by the undersigned counsel for LINA, and any admission made by counsel for LINA in those matters was inadvertent and does not represent a policy on LINA's part. In addition, the (inadvertent) admission of proper venue in those matters is not binding on this unrelated matter. An admission in a pleading "is a judicial admission by which it is normally is bound throughout the course of the proceeding" in which it is made. Morse/Diesel, Inc. v. Fidelity & Deposit Co., 763 F. Supp. 28, 32 (S.D.N.Y. 1991). In addition, "[i]f a party contends . . . that the admission was due to fraud or mistake, the admission may not

be binding." See Marathon Enterprises, Inc. v. Schroter GMBH & Co. KG, No. 01 Civ. 595 (DC), 2003 U.S. Dist. LEXIS 2274, at *11 (S.D.N.Y. Feb. 18, 2003) (citing Dortz v. New York, 904 F. Supp. 127, 146 n.6 (S.D.N.Y. 1995)). No admission has been made in this case, which is the proper inquiry. LINA may not be forced to litigate this action in an improper venue based on mistakes made in earlier, unrelated pleadings in other matters.

Plaintiff also argues that LINA may be found in the Southern District of New York for purposes of the ERISA venue statute "as a result of its corporate nexus with CIGNA and its parent company, Connecticut General Corp." and that LINA "effectively co-exists with its sister entities/alter egos identified above, Connecticut General Corp., and CIGNA Life Ins. Co. of New York, as the personnel who handle the disability claims – like the one at issue in this case – handle claims for all of the underwriting entities, including LINA, Connecticut General Corp., and CIGNA Life Insurance Company of New York." (Pl's Opp'n at 3-4). This argument has no merit, as each of the entities mentioned by Plaintiff is a separate and distinct entity, and venue may not be imputed to LINA based on those other entities. As stated in its Rule 7.1 Corporate Disclosure Statement, LINA is a subsidiary of Connecticut General Corporation, a subsidiary of CIGNA Holdings, Inc., which in turn is owned by CIGNA Corporation. Connecticut General Corporation, CIGNA Holdings, Inc. and CIGNA Corporation are not insurance companies. See National Production Workers Union Trust v. CIGNA Corporation, No. 05 C 5415, 2007 U.S. Dist. LEXIS 36510, at *15 (N.D. Ill. May 16, 2007) (explaining the relationship between CIGNA Corporation and LINA, and holding that LINA's presence in Illinois was insufficient to bestow personal jurisdiction on CIGNA Corporation).

Connecticut General Life Insurance Company ("CGLIC") and CIGNA Life Insurance Company of New York ("CLICNY") are also insurance companies with the same ownership

3

1722810.1

structure as LINA. See Gibbs v. CIGNA Corporation, 440 F.3d 571, 573 (2d Cir. 2006) (noting that CGLIC and LINA are both wholly owned subsidiaries of CIGNA Corporation); see also Kling v. ADC Group Long-Term Disability Plan, Civil No. 04-2626, 2004 U.S. Dist. LEXIS 21045, at *2 (D. Minn. Oct. 14, 2004). Each of the three underwriting entities – LINA, CGLIC, and CLICNY are separate, and separately incorporated, entities. Each issues its own insurance policies and makes its own underwriting and coverage determinations. In support of its argument, Plaintiff submits an affidavit of Dawn Barrett filed in the United States District Court for the District of Massachusetts in a false claims act proceeding. There is no way to determine the trustworthiness or accuracy of the document and, in any case, it is irrelevant and unrelated to this proceeding. In addition, even if this argument had merit, none of the claims operations for LINA, CLICNY, or CGLIC takes place in any part of the State of New York and Ms. Barnes' claim was not handled in New York. As discussed in LINA's motion papers, Ms. Barnes' claim was reviewed in Pittsburgh, PA. (LINA's Memorandum of Law in Support of its Motion to Transfer Venue to the Northern District of California, dated September 7, 2007, at 4, 5, 7; Affidavit of Richard Lodi, dated September 7, 2007 ("Lodi Aff.", ¶ 4).

The location of a parent company or another subsidiary of a parent company cannot be used to establish venue for a corporate entity that is not itself found in the district at issue. Furthermore, even if a defendant has some connection to a district, the inquiry is not whether the defendant has a material connection to the district, but whether the connection is material to this litigation. See Cohn v. Metropolitan Life Ins. Co., 07 Civ. 0928, 2007 U.S. Dist. LEXIS 39161, at *10 (S.D.N.Y. May 31, 2007). It is very clear in this matter that LINA has no material connection to the Southern District of New York in this litigation.

4

1722810.1

Plaintiff cannot cite a case with identical circumstances to this where venue was proper in a discrict for an ERISA matter that had absolutely no connection to the case other than the Plaintiff's attorney. Plaintiff cites several cases, but none fit this criteria. The Vartanian case, was filed in the District of Massachusetts by plaintiffs who both lived and worked in Massachusetts. Vartanian v. Monsanto Co., 880 F. Supp. 63, 73 (D. Mass. 1995). The Cohn case was filed in the Southern District of New York by an Illinois plaintiff with an employer and insurer located in New York; the plan was issued in the Southern District of New York, and the claim was processed in Connecticut, which is also in the Second Circuit. Cohn, 2007 U.S. Dist. LEXIS, at *7-8. Thus venue was proper in either the Southern District of New York or the Northern District of Illinois, and the Court declined, after balancing the transfer factors, not to transfer it to the Northern District of Illinois. Id. at *7-8, 16. This is entirely distinguishable from this case, where venue is not proper in the Southern District of New York.

Plaintiff resides in Concord, California, which is located in the Northern District of California, and, according to the documents submitted to LINA, resided there throughout her claim. All of her treating physicians are located in California, and the external doctors used by LINA in its review were located in Pennsylvania and California. (Lodi Aff. ¶¶ 4-9). Therefore, the long term disability plan and claim for benefits underlying this case have no connection whatsoever to this district, and venue is not proper here.

II. This Matter Should be Transferred to the Northern District of California

In lieu of dismissing this matter the Court may, pursuant to 28 U.S.C. § 1406(a), transfer this matter to the Northern District of California. 28 U.S.C. § 1406(a) provides that, if venue is

5

improper, a court has the power to transfer the case to "any district or division in which it could have been brought." 28 U.S.C. § 1406(a) (2007).

Plaintiff, weighing the transfer factors, argues that the balance of factors do not weigh strongly in favor of transfer. (Pl's Opp'n at 4). This argument ignores the fact that venue is not proper in the Southern District of New York, and so remaining in the Southern District of New York is not an option. Therefore, the Court must ask in which federal district venue is proper. Venue is proper in the Plaintiff's home venue, the Northern District of California. See Aetna Life and Casualty v. Owen, 2004 U.S. Dist. LEXIS 21136, at *9.

Plaintiff argues that LINA's witnesses are located in Pennsylvania, which is closer to New York than to California. (Pl's Opp'n at 5). That is true; however, this does not make venue proper in the Southern District of New York with no connection to the venue. Plaintiff also states that LINA "has failed to make the required detailed showing via affidavit as to the expected testimony from the principal witnesses." (Pl's Opp'n at 5). The identity of any witnesses (if any) would be found in LINA's administrative record, and would be the medical professionals and LINA claims personnel identified in LINA's motion and supporting papers. Furthermore, the discussion of witnesses in LINA's memorandum of law in support of its motion and in the Affidavit of Richard Lodi only serves to prove LINA's argument that this case has no connection to the Southern District of New York and so venue is not proper here under the ERISA venue provision.

### III. Plaintiff's Remaining Arguments Have No Merit

In bringing this Motion, LINA is not forum shopping nor is "reverse counsel shopping," as Plaintiff argues. Although these arguments are absolutely without foundation or merit, LINA will address them briefly.

If anyone is forum shopping, it is Plaintiff, who filed a lawsuit in a district with absolutely no connection to her case. Plaintiff's arguments regarding LINA's alleged motives are completely speculative and untrue. First, Plaintiff claims that LINA does not want to proceed in this District because of court decisions ordering the production of certain sections of its claims manual, otherwise known as the Book of Operating Knowledge. (Pl's Opp'n at 6-7). In response, LINA submits that it would be subject to the applicable law in any district where a matter is properly brought, and that discovery battles could be fought anywhere. In addition, the objections filed by LINA in the matter of Gura v. Life Insurance Company of North America, 06 Civ. 15174(SCR)(LMS), were subsequently withdrawn by LINA, and the Levy case required only the production of certain sections of the claims manual, not the entire manual. See Levy v. INA Life Ins. Co. of N.Y., No. 05 Civ. 10310, 2006 U.S. Dist. LEXIS 83060 (S.D.N.Y. Nov. 14, 2006). Plaintiff also argues that LINA is attempting to avoid the application of the Second Circuit's decision regarding standard of review in Nichols v. The Prudential Ins. Co. of America, 406 F.3d 98 (2d Cir. 2005). (Pl's Opp. at 7). Again, this argument is without merit, as LINA is certainly not making an effort to avoid potentially unfavorable law, and would be bound by the applicable law in any proper forum district. The Southern District of New York is not a proper forum district.

LINA is also not reverse counsel shopping. LINA does not dispute that Plaintiff's counsel are well-qualified attorneys in this area of law. However, a plaintiff's choice of counsel is not a basis for venue. See Reinhard v. Dow Chemical, 2007 U.S. Dist. LEXIS 59242, *16-17 (S.D.N.Y. Aug. 13, 2007). Plaintiff's counsel could seek pro hac vice admission in the proper transferee forum district.

7

1722810.1

## CONCLUSION

Accordingly, for the reasons set forth above and in LINA's Motion to Transfer Venue to the Northern District of California and supporting documents, the Court should transfer this matter to the United States District Court for the Northern District of California pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, 29 U.S.C. § 1132(e)(2), 28 U.S.C. § 1406(a) and 28 U.S.C. § 1404(a).

WHEREFORE, Life Insurance Company of North America respectfully requests that this Court enter an order transferring this matter to the United States District Court for the Northern District of California.

Dated: White Plains, New York
       October 24, 2007

                        DEFENDANT LIFE INSURANCE COMPANY OF
                        NORTH AMERICA

                        By: *[signature: Emily A. Hayes]*
                        Fred N. Knopf (FNK 4625)
                        Emily A. Hayes (EH 5243)
                        WILSON, ELSER, MOSKOWITZ,
                        EDELMAN & DICKER LLP
                        3 Gannett Drive
                        White Plains, New York 10604
                        (914) 323-7000
                        (914) 323-7001 (fax)

## CERTIFICATION

I certify that on October 24, 2007, a copy of Defendant's Reply in Support of its Motion to Transfer Venue to the United States District Court for the Northern District of California was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

*Emily A. Hayes*
Emily A. Hayes (EH 5243)