# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

3 Gannett Drive, White Plains, NY 10604-3407
Tel: 914.323.7000  Fax: 914.323.7001

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • West Palm Beach*
*Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

Fred N. Knopf
Fred.Knopf@WilsonElser.com



[Stamps: RECEIVED NOV 14 2007 CHAMBERS OF JUDGE SIDNEY H. STEIN U.S.D.J.; USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: ___ DATE FILED: 11/20/07]

[Handwritten memo endorsement by Judge Stein, dated 11/20/07: "These appear to be arguments addressed to why E.D. Pa. is an appropriate forum under 28 U.S.C. § 1404(a) or why these should consent to transfer the action. These arguments do not address the issue of the letters, S.D.N.Y. is a proper forum under 28 U.S.C. § 1406. The order dated Nov. 8 remains in effect. So ordered. Sidney H. Stein U.S.D.J."]

November 14, 2007

**BY FACSIMILE**

Hon. Sidney H. Stein, U.S.D.J.
United States Courthouse
500 Pearl Street, Room 1010
New York, NY 10007

    Re:  Barnes v. Life Ins. Co. of North America, 07 Civ. 6103 (SHS)
         Our File No.  :     09856.00073

Dear Judge Stein:

    We represent defendant Life Insurance Company of North America (LINA) in the referenced action. We write to follow up on the oral arguments held on November 8, 2007 on LINA's motion to transfer venue, and to bring additional information to the Court's attention that was not available at that time. We believe that this additional information makes discovery in this matter unnecessary.

    During oral argument on November 8, the Court offered plaintiff the opportunity to transfer the case to the United States District Court for the Eastern District of Pennsylvania, which is LINA's district of residence. Plaintiff's counsel objected to this offer, stating that the Eastern District of Pennsylvania was not a proper venue, as plaintiff preferred to take advantage of law available in the Second Circuit. However, it has come to our attention subsequent to the November 8 oral argument that plaintiff's counsel has recently filed three lawsuits against LINA in the Eastern District of Pennsylvania: Roberts-Arnold v. Life Ins. Co. of North America, 07 CV 4334 (BWK); Silvia v. Life Ins. Co. of North America, 07 CV 4336 (RLB); and Sleeper v. Life Ins. Co. of North America, 07 CV 4335 (MK). Each was filed on October 17, 2007 and later served on LINA. Therefore, it is clear that venue would be proper in the Eastern District of Pennsylvania, and so discovery is not necessary to determine that a transfer of venue to that district would be proper under 28 U.S.C. § 1404.

    In addition, plaintiff's objection to the Court's proposal that the matter be transferred to the Eastern District of Pennsylvania was based on her wish to take advantage of certain Second Circuit law, under which plaintiff argues that her case would be reviewed by the Court using a de

1742463.1

To: Hon. Sidney H. Stein, U.S.D.J.
November 14, 2007
Page 2

novo standard of review. Although LINA does not necessarily agree with plaintiff's interpretation of the law, we have reviewed the applicable Policy and it does not contain discretionary language sufficient to make the standard of review arbitrary and capricious. We are in the process of obtaining the applicable Summary Plan Description to determine if it contains such discretionary language. If it does not, the standard of review would be de novo, and plaintiff's legal argument would be moot.

We are available to discuss this in any further detail as the Court deems necessary.

Respectfully submitted,

Fred N. Knopf

cc: Justin Frankel, Esq.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

1742463.1