# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

3 Gannett Drive, White Plains, NY 10604-3407
Tel: 914.323.7000   Fax: 914.323.7001

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

**Fred N. Knopf**
Fred.Knopf@WilsonElser.com

January 2, 2008

**BY FACSIMILE and ECF**

Hon. Sidney H. Stein, U.S.D.J.
United States Courthouse
500 Pearl Street, Room 1010
New York, NY 10007

    Re:    Barnes v. Life Ins. Co. of North America, 07 Civ. 6103 (SHS)
           Our File No.   :   09856.00073

Dear Judge Stein:

    We represent the defendant Life Insurance Company of North America ("LINA") in the referenced matter, and write to respond to plaintiff's two letters of December 27, 2007 addressing discovery disputes between the parties. The discovery deadline is currently January 14, 2008.

    As addressed in LINA's letter of December 26 and plaintiff's first letter of December 27, there continues to be a dispute regarding the depositions that are currently noticed by plaintiff to take place on January 3, 2008 and January 4, 2008. As this dispute is outstanding, we expect that the depositions will be rescheduled after the dispute is resolved and we receive notices of deposition that are consistent with the scope of the discovery permitted by the Court during oral arguments on November 8, 2007.

    In addition, plaintiff's second letter of December 27 requested that the Court address LINA's responses to plaintiff's first request for documents and first set of interrogatories ("Responses"), stating generally that the Responses were non-responsive. The plaintiff did not attach a copy of the Responses for the Court's review. The plaintiff's characterization of the Responses is not accurate; as they were responsive insofar as plaintiff's requests sought information within the scope of the discovery permitted by the Court. Many of plaintiff's document demands and interrogatories sought information outside this scope, and as such are not proper inquiries for discovery. Copies of LINA's Responses will be filed today by ECF.

To: Hon. Sidney H. Stein, U.S.D.J.
January 2, 2008
Page 2

We are available for a conference at the Court's convenience. Thank you for your attention to this matter.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

Fred N. Knopf

cc: Justin Frankel, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------x
JANE BARNES,                                  :

      Plaintiff,              :

  - against -                              :  07 CV 6103 (SHS)

LIFE INSURANCE COMPANY OF NORTH AMERICA, : **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET**
      Defendant.              : **OF DOCUMENT DEMANDS**

---------------------------------------------x

  Defendant Life Insurance Company of North America ("LINA" or "Defendant"), by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, responds to plaintiff's First Set of Document Demands ("Requests") as follows:

## GENERAL OBJECTIONS

(a) Defendant objects to the Requests to the extent they are overly broad, unduly burdensome, vague, ambiguous, harassing, premature, and/or request documents not relevant or reasonably calculated to lead to the discovery of admissible evidence in this action.

(b) Defendant objects to the Requests to the extent they request documents not in Defendant's possession, custody or control, or which already are in plaintiff's possession, custody, or control.

(c) Defendant objects to the Requests to the extent they call for legal or factual conclusions.

(d) Defendant does not waive or intend to waive any objection it may have concerning plaintiff's use of the documents or information provided hereunder, and expressly reserves: (i) all objections about the competency, privilege, relevance, materiality and admissibility of all documents or information provided hereunder; (ii) the right to object to plaintiff's use of any documents or information provided hereunder, in whole or in part, or the subject matter

1827226.2

covered thereby at any later stage in this litigation; and (iii) the right to object on any and all proper grounds, at any time, to the discovery procedures relating to the subject matter of the documents or information provided hereunder.

(e) The responses and objections below are based on the Defendant's present knowledge. Defendant expressly reserves the right to amend, supplement or clarify any responses.

(f) Defendant objects to the Requests on the grounds that this matter is governed by ERISA, and the Court's review is therefore limited to the Administrative Record, which is being produced by the Defendant in connection with its responses.

(g) Defendant objects to the Requests to the extent they seek information that is publicly available.

(h) Defendant objects to the Requests to the extent that they exceed the scope of discovery in this matter ordered by Judge Stein during the court hearing on November 8, 2007 ("Order").

(i) These General Objections shall apply to, and are incorporated by reference into, each response below.

## Documents Requested

1. All documents, including correspondence, written communications and notes of oral communications between the Insured and the Defendant, its successors, agents, servants and employees, whether contained within the claim file or outside of the claim file.

   Response: Defendant objects to this request because it seeks documents outside the scope of the discovery permitted in Judge Stein's Order. LINA is nevertheless voluntarily producing its claims file, which includes documents that LINA would be required to produce pursuant to Federal Rule of Civil Procedure 26 no matter where this matter is venued. In producing the claims file, LINA does not admit that this is an appropriate Request based on

2

1827226.2

the procedural posture of the case and Judge Stein's Order. All responsive documents are contained in the claims file.

2. Any and all documents, notes, recordings, message slips, correspondence, and memoranda pertaining to telephone conversations between the Insured, her agents or representatives, and Defendant, its successors, agents, servants and employees regarding all matters involving the claim at issue, whether or not such material is contained in the claim file, whether contained within the claim file or outside of the claim file.

Response: Defendant objects to this request because it seeks documents outside the scope of the discovery permitted in Judge Stein's Order. LINA is nevertheless voluntarily producing its claims file, which includes documents that LINA would be required to produce pursuant to Federal Rule of Civil Procedure 26 no matter where this matter is venued. In producing the claims file, LINA does not admit that this is an appropriate Request based on the procedural posture of the case and Judge Stein's Order. All responsive documents are contained in the claims file.

3. All correspondence, written communications and notes of oral communications between Defendant and any other individuals and/or entities relating in any matter to the Insured, including but not limited to attorney communications whether in house legal department, or outside counsel.
(A) If any such communications or notes of any communications or memos exist, and Defendant claims any type of privilege, a privilege log must be provided in compliance with the Local Rules.

Response: Defendant objects to this request because it seeks documents that are subject to the attorney-client privilege and/or work product privilege. Defendant further objects to this request because it seeks documents outside the scope of the discovery permitted in Judge Stein's Order. Subject to these objections, LINA states that there are no documents responsive to this request.

3

1827226.2

4. All documents including, but not limited to, memoranda, manuals, notices and correspondence generated and/or authored by the Defendant or any CIGNA affiliated entity, it successors, agents, servants and employees pertaining to Defendant's procedures and guidelines in connection with the processing, assessing, approving and denying disability income claims for the time period 2003 to the present.

Response: Defendant objects to this request because it seeks documents outside the scope of the discovery permitted in Judge Stein's Order.

5. Documents including, but not limited to, financial reports of Defendant and its successors demonstrating the assets liabilities, profits and losses for the years 2003 through the present showing the corporate structure of Defendant.

Response: Defendant objects to this request because it seeks documents outside the scope of the discovery permitted in Judge Stein's Order.

6. All documents identified in Plaintiff's First Set of Interrogatories.

Response: All responsive documents are contained in the Administrative Record, which is enclosed.

7. All documents showing the corporate structure of CIGNA Corporation or its subsidiaries and affiliates.

Response: Defendant objects to this request because the term "corporate structure" is vague and undefined, because the term "CIGNA Corporation" is vague and undefined, and because it seeks documents outside the scope of the discovery permitted in Judge Stein's Order.

4

1827226.2

8. Any and all contracts, operating and/or other servicing agreements between and/or among LINA or any CIGNA affiliate or subsidiary and any independent contractor, such as a[n] outside physician or private investigator, who were used to evaluate and investigate Plaintiff's claim.

Response: Defendant objects to this request because it seeks documents outside the scope of the discovery permitted in Judge Stein's Order.

9. Any and all contracts, operating and/or other servicing agreements between and/or among Plaintiff's employer and LINA or CIGNA Corporation and its subsidiaries and affiliates.

Response: Defendant objects to this request because it seeks documents outside the scope of the discovery permitted in Judge Stein's Order. LINA is nevertheless voluntarily producing its claims file, which includes documents that LINA would be required to produce pursuant to Federal Rule of Civil Procedure 26 no matter where this matter is venued. In producing the claims file, LINA does not admit that this is an appropriate Request based on the procedural posture of the case and Judge Stein's Order. All responsive documents are contained in the claims file.

10. All relevant documents as defined in 29 CFR sec. 2560.503-1(h) including but not limited to documents which:
(i) was [sic] relied upon in making the benefits determination;
(ii) was [sic] submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;
(iii) Demonstrates [sic] compliance with the administrative processes and safeguards required in making the benefit determination; and
(iv) constitutes [sic] a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice was relied upon in making the benefit determination.

Response: Defendant objects to this request because it seeks documents outside the scope of the discovery permitted in Judge Stein's Order. LINA is nevertheless voluntarily

1827226.2

producing its claims file, which includes documents that LINA would be required to produce pursuant to Federal Rule of Civil Procedure 26 no matter where this matter is venued. In producing the claims file, LINA does not admit that this is an appropriate Request based on the procedural posture of the case and Judge Stein's Order. All responsive documents are contained in the claims file.

Dated:   White Plains, New York
         December 26, 2007

                              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                              By: _Emily A. Hayes_
                                  Fred N. Knopf
                                  Emily A. Hayes
                                  Attorneys for Life Insurance Company of
                                  North America
                                  3 Gannett Drive
                                  White Plains, New York 10604
                                  (914) 323-7000

To:   Justin Frankel, Esq.
      Frankel & Newfield, P.C.
      Attorneys for Plaintiff
      585 Stewart Avenue, Suite 301
      Garden City, NY 11530

1827226.2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JANE BARNES,                                          :

                   Plaintiff,                  :

         - against -                         :          07 CV 6103 (SHS)

LIFE INSURANCE COMPANY OF NORTH AMERICA, :   **DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

                  Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      Defendant Life Insurance Company of North America ("LINA" or "Defendant"), by its attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, responds to plaintiff's First Set of Interrogatories ("Interrogatories") as follows:

## GENERAL OBJECTIONS

(a) Defendant objects to the Interrogatories to the extent they are overly broad, unduly burdensome, vague, ambiguous, harassing, premature, and/or request information not relevant or reasonably calculated to lead to the discovery of admissible evidence in this action.

(b) Defendant objects to the Interrogatories to the extent they request information not in Defendant's possession, custody or control, or which already is in plaintiff's possession, custody, or control.

(c) Defendant objects to the Interrogatories to the extent they require the review and analysis of numerous business records or documents, when such records or documents can be made available for inspection by defendant at a location where such records are normally maintained.

(d) Defendant objects to the Interrogatories to the extent they call for legal or factual

conclusions.

(e) Defendant does not waive or intend to waive any objection it may have concerning plaintiff's use of the documents or information provided hereunder, and expressly reserves: (i) all objections about the competency, privilege, relevance, materiality and admissibility of all documents or information provided hereunder; (ii) the right to object to plaintiff's use of any documents or information provided hereunder, in whole or in part, or the subject matter covered thereby at any later stage in this litigation; and (iii) the right to object on any and all proper grounds, at any time, to the discovery procedures relating to the subject matter of the documents or information provided hereunder.

(f) The responses and objections below are based on the Defendant's present knowledge. Defendant expressly reserves the right to amend, supplement or clarify any responses.

(g) Defendant objects to the Interrogatories to the extent they exceed the permissible scope of interrogatories as set out in Southern District of New York Local Rule 33.3.

(h) Defendant objects to the Interrogatories on the grounds that this matter is governed by ERISA, and the Court's review is therefore limited to the Administrative Record, which is being produced by the Defendant in connection with its responses to plaintiff's "First Set of Document Demands."

(i) Defendant objects to the Interrogatories to the extent they seek information that is publicly available.

(j) Defendant objects to the Interrogatories to the extent they exceed the scope of discovery in this matter ordered by Judge Stein during the court hearing on November 8, 2007 ("Order").

(k) These General Objections shall apply to, and are incorporated by reference into, each response below.

Interrogatories

1. Identify the individuals who were involved or participated in any manner in Plaintiff's claim for disability benefits and subsequent termination of disability income benefits by Defendant including, but not limited to, each and every claim adjuster, claim supervisor, claim manager, claim committee person, members of SIU, legal counsel (whether in house or outside counsel), vocational personnel, non-parties and employees, agents and/or servants of the Defendant, whether or not such individuals are identified within the claim file, including any supervisors or any of the claim adjusters that handled this claim. By involved, this interrogatory seeks identification of any person who reviewed any materials, discussed the claim in any manner, or otherwise played a role in the handling of the claim.

A) In responding to this interrogatory, Defendant should provide the last known address of the designated individual and whether he or she is employed by or under the control of the Defendant.

B) In responding to this interrogatory, please identify whether any person identified above had an employment agreement, independent contractor agreement, or any other type of compensation agreement that is in writing.

C) In responding to this interrogatory, please identify the employer for each individual.

D) In responding to this interrogatory, please identify which company paid the individual.

Response: Defendant objects to this Interrogatory because it seeks information outside of the scope of the discovery permitted in Judge Stein's Order. Defendant also objects to this request to the extent that it seeks privileged information. Subject to and without waiving these objections, information responsive to this request is contained in the Administrative Record, which is enclosed.

2. Specifically identify which underwriting company that each individual identified in Interrogatory No. 1 reviews or analyzes claims for.

Response: Defendant does not entirely understand this Interrogatory, as written, but believes that it improperly seeks information outside the scope of the discovery permitted in Judge Stein's Order. Subject to and without waiving these objections, Defendant believes that information responsive to this request is contained in the Administrative Record, which is enclosed.

3. Identify any and all medical professionals, including, but not limited to, nurses, physical therapists and medical doctors who participated in any way in the Plaintiff's claim for disability benefits under the subject policy and subsequent denial or termination of disability benefits by Defendant under the subject policy, whether or not any such individual is identified in the claim file. In response to this interrogatory, provide the last known addresses of each individual and whether he or she is employed by or under the control of Defendant.

Response: Defendant objects to this Interrogatory because it seeks information outside of the scope of the discovery permitted in Judge Stein's Order. Defendant also objects to this request to the extent that it seeks privileged information. Subject to and without waiving these objections, information responsive to this request is contained in the Administrative Record, which is enclosed.

4. Specifically identify each underwriting company that each individual identified in Interrogatory No. 3 reviews or analyzes claims for.

Response: Defendant objects to this Interrogatory because it seeks information outside of the scope of the discovery permitted in Judge Stein's Order. Defendant also objects to this request to the extent that it seeks privileged information. Subject to and without waiving these objections, information responsive to this request is contained in the Administrative Record, which is enclosed.

5. Identify whether any personnel involved with Plaintiff's claim handles claims for CLICNY, Connecticut General, or any CIGNA subsidiary or affiliate.

Response: Defendant objects to this Interrogatory because it is overbroad, burdensome, and vague, and outside the scope of the discovery permitted in Judge Stein's Order.

4

1827234.2

Defendant also objects to this Interrogatory on the basis that it seeks information requested in other interrogatories.

6. Identify how claim handling for Group LTD is broken up, whether by location, by impairment, block of business, or otherwise.

    Response: Defendant does not entirely understand this Interrogatory because terms such as "Group LTD" and "broken up" are not defined. Subject to and without waiving these objections, for purposes of this response only, LINA defines "Group LTD" as group long term disability policies issued by LINA and states that claims submitted for long term disability policies issued by LINA are assigned to one of three claims offices, located in Pittsburgh, PA, Dallas, TX, and Glendale, CA. Specific group policy holders are assigned to a specific claim office and claim team. These assignments are sometimes moved to other claim offices or other claims teams due to work volume.

7. State whether LINA relied upon the Book of Knowledge in evaluating Plaintiff's occupational duties.

    Response: Defendant objects to this Interrogatory because it seeks information outside the scope of the discovery permitted in Judge Stein's Order.

8. Identify whether LINA issues any policies in New York, or has issued any policies in New York.

    Response: No, LINA does not issue any policies in New York, and has never issued any policies in New York.

8. Identify whether LINA policies or claims were every [sic] administered, reviewed or analyzed in New York.

Response: No, LINA does not administer, review, or analyze LINA policies or claims in New York.

9. Identify whether any claim personnel who review LINA claims review any other CIGNA affiliates or subsidiaries claims contemporaneously.
(A) If yes, identify the insuring affiliate or subsidiary.

Response: Defendant does not understand this Interrogatory, as drafted. Defendant also objects to this Interrogatory on the basis that it seeks information requested in other interrogatories and seeks information unrelated to Plaintiff's claim.

10. Identify all legal actions against LINA which were commenced in any court in NY (Federal or State) in the last 4 years.

Response: Defendant objects to this Interrogatory because it seeks information that it irrelevant to this matter and outside the scope the discovery permitted in Judge Stein's Order.

Dated:   White Plains, New York
         December 26, 2007

Factual Responses provided by:

By: _____
    Richard Lodi
    Senior Operations Representative

Objections and Legal Responses provided by:

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _Emily A Hayes_____
    Fred N. Knopf
    Emily A. Hayes
    Attorneys for Life Insurance Company of
    North America

6

1827234.2

                                                        3 Gannett Drive  
                                                        White Plains, New York 10604  
                                                        (914) 323-7000

To:    Justin Frankel, Esq.  
         Frankel & Newfield, P.C.  
         Attorneys for Plaintiff  
         585 Stewart Avenue, Suite 301  
         Garden City, NY 11530

1827234.2

8. Identify whether LINA policies or claims were every [sic] administered, reviewed or analyzed in New York.

Response: No, LINA does not administer, review, or analyze LINA policies or claims in New York.

9. Identify whether any claim personnel who review LINA claims review any other CIGNA affiliates or subsidiaries claims contemporaneously.
(A) If yes, identify the insuring affiliate or subsidiary.

Response: Defendant does not understand this Interrogatory, as drafted. Defendant also objects to this Interrogatory on the basis that it seeks information requested in other interrogatories and seeks information unrelated to Plaintiff's claim.

10. Identify all legal actions against LINA which were commenced in any court in NY (Federal or State) in the last 4 years.

Response: Defendant objects to this Interrogatory because it seeks information that it irrelevant to this matter and outside the scope the discovery permitted in Judge Stein's Order.

Dated: White Plains, New York
December 26, 2007

Factual Responses provided by:

By: _____
Richard Lodi
Senior Operations Representative

Objections and Legal Responses provided by:

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Fred N. Knopf
Emily A. Hayes
Attorneys for Life Insurance Company of North America

6

1827234.2

## AFFIDAVIT OF SERVICE VIA OVERNIGHT DELIVERY

STATE OF NEW YORK            )
                             ) ss.:
COUNTY OF WESTCHESTER        )

      I, Amy Laaraj, being duly sworn, deposes and says: that deponent is not a party to this action, is over 18 years of age and resides in Westchester County;

      That on the 26th day of December, 2007, deponent served the within document(s) entitled: LINA's Response to Plaintiff's First Interrogatories, LINA's Response to Plaintiff's First Document Demands and documents labeled LINA 0004 – LINA 1553 upon:

> Justin Frankel, Esq.
> Frankel & Newfield, PC
> 585 Stewart Avenue, Suite 301
> Garden City, NY 11530

at the address(es) designated by depositing a true copy of same enclosed in a overnight delivery service (Federal Express) in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery postpaid, properly addressed wrapper, in an official depository under the exclusive care of Federal Express. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery.

_____
Amy Laaraj

Sworn to before me this
26th day of December, 2007

_____
Notary Public

**NANCY NAUMAN**
Notary Public, State of New York
No. 4930293
Qualified in Westchester County
Commission Expires May 9, 2010

1845690.1