```
                                                    STEIN, J
                                            ┌─────────────────────────────┐
                                            │ USDC SDNY                   │
                                            │ DOCUMENT                    │
                                            │ ELECTRONICALLY FILED        │
UNITED STATES DISTRICT COURT                │ DOC #: _____        │
SOUTHERN DISTRICT OF NEW YORK               │ DATE FILED: 2/5/08 rb       │
- - - - - - - - - - - - - - - - - - - - - x└─────────────────────────────┘
JANE BARNES,                            :

                Plaintiff,              :

        - against -                     :      07 CV 6103 (SHS)

LIFE INSURANCE COMPANY OF NORTH AMERICA,:

                Defendant.              :

- - - - - - - - - - - - - - - - - - - - x
```

### CONSENT PROTECTIVE ORDER

This Matter, having come before the Court on the agreement of the parties; it further appearing that documents produced -- or which may be later produced -- constitute trade secret and/or other proprietary or confidential research, development, competitive or commercial information; and it further appearing that judicial economy will be served by entering of this Order,

**IT IS HEREBY ORDERED THAT:**

1. This Order shall govern documents and other material or information ("Litigation Materials") produced, formally or informally, in the course of litigation, including but not limited to documents, data, things, information and answers to discovery.

2. As used in this Order, "Confidential Material" shall refer to any document or other Litigation Materials, or any portion thereof, designated as confidential, as well as information contained in or derived from such documents or other Litigation Materials.

3. Any party may designate (the "Designating Party") any Litigation Materials as confidential by placing or affixing thereon in such manner as will not interfere with the reasonable legibility thereof the following, or otherwise appropriate, notice: "Confidential

1867638.1

Material subject to Protective Order". Such designation shall be made in good faith and constitute a representation by the Designating Party that it has a reasonable basis to believe that the material so designated is appropriate for the protection provided in this Order and that it is entitled to claim such protection for the material.

4. Confidential Material and any copy thereof or any notes or summaries made therefrom shall not be used by any party receiving it, including such party's attorneys or other representatives including expert witnesses, for any purpose other than the litigation of this action.

5. All Confidential Material received by an attorney shall be controlled and properly secured by that attorney to prevent unauthorized access to, or reproduction of, the Confidential Material.

6. Confidential Material and any copies thereof, and notes or excerpts made therefrom, shall be disclosed only to "Qualified Persons," and only to the extent necessary for the litigation of this action. Qualified Persons are limited to:

(a) Counsel of record for the parties and the parties themselves;

(b) The non-technical and clerical staff employed by Counsel of record;

(c) The independent personnel retained by Counsel of record to furnish technical or other expert services or advice or to give expert testimony;

(d) Court reporters and deposition transcript reporters; and

(e) The Court and its authorized staff.

7. In addition, the attorney disclosing the Confidential Material shall take all necessary steps to ensure that all persons receiving Confidential Material (a) maintain such material in a protected and secure manner, with access restricted at all times to Qualified Persons and (b) abide by the terms of this Protective Order.

1867638.1

8. Should any party desire to disclose Confidential Material to anyone in addition to Qualified Persons, such party shall provide the Designating Party fourteen (14) days prior written notice of the intent to disclose Confidential Material to such additional person(s), which notice shall state the name and address of the additional person(s) and the reason(s) review by such additional person(s) is desired. If the Designating Party objects in writing to such disclosure within that fourteen (14) day period, then such Confidential Material will not be disclosed unless and until this Court overrules the Designating Party's objection.

9. Confidential Material may be referred to or incorporated in briefs, affidavits, or other documents filed with this Court, but only to the extent reasonably necessary for the litigation of this action and provided that such documents shall be filed with the Clerk of Court under seal and prominently marked "Confidential Material subject to Protective Order".

10. If a party disagrees with a claim of confidentiality, such party shall notify the Designating Party in writing. If the dispute cannot be resolved by agreement, such Confidential Material shall be kept confidential unless, within thirty (30) days of receipt by the Designating Party of such notice, or such other time period as the parties may agree upon, the party objecting to the designation applies to this Court for an Order specifically excepting the challenged information from confidential treatment. If such a motion is filed, the information shall be kept confidential pending a ruling by this Court and the conclusion of any and all proceedings and appeals challenging such ruling. If such motion is not filed within the applicable time period, such information shall be kept confidential and the party objecting to the designation shall be deemed to have waived its objection.

11. This Protective Order shall survive the termination of this action. All Confidential Material shall retain that designation and shall remain subject to this Protective

1867638.1

Order until such time, if ever, as the Court renders a decision that any challenged material shall not be covered by the terms of this Protective Order and any and all proceedings and appeals challenging such decision shall have been concluded.

12. Upon final termination of this action, all Confidential Material, including each copy thereof, and each document and copy thereof that incorporates or references, in whole or in part, any Confidential Material or information contained therein, including but not limited to notes or summaries concerning or pertaining to such Confidential Material, shall at the option of the recipient of the Confidential Materials be either destroyed or returned to the Designating Party not later than thirty (30) days after the ultimate disposition of this case. The recipient party shall then provide an affidavit affirming that at all times the party has abided by the terms of this Protective Order, that all Confidential Material in the affiant's custody or control, and all Confidential Material that affiant disclosed to Qualified Persons or to others, has been retrieved and returned to the Designating Party, or has been destroyed.

13. Nothing in this Order shall prevent a party from any use of his, her or its own confidential documents.

14. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

_____
Justin Frankel
Jason Newfield
Frankel & Newfield, P.C.
585 Stewart Avenue, Suite 312
Garden City, NY 11530
(516) 222-1600

_____
Fred Knopf
Emily Hayes
Wilson Elser
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000

SO ORDERED, this 4th the day of Feb, 2008

_____
Sidney H. Stein, U.S.D.J.

1867638.1